Total Pages: **3**
**SKLAR KIRSH, LLP**
IAN S. LANDSBERG (SBN 137431)
Email: ilandsberg@sklarkirsh.com
LOVEE D. SARENAS (SBN 204361)
Email: lsarenas@sklarkirsh.com
1880 Century Park East, Ste. 300
Los Angeles, California 90067
Telephone: (310) 845-6416
Facsimile: (310) 929-4469

Counsel for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>CALIFORNIA INDEPENDENT PETROLEUM ASSOCIATION,<br><br>Debtor and Debtor in Possession. | Case No.: 21-23169 B-11<br><br>DCN   SK-6<br><br>Chapter 11-Subchapter V<br><br>**Hearing:**<br>Date: [TBD: Motion to Shorten Time Filed]<br>Time:<br>Ctrm.: Dept. R |

**MOTION FOR (I) RELIEF FROM THE AUTOMATIC STAY TO FILE APPEAL; AND (II) WAIVER OF THE 14-DAY STAY OF FRBP 4001(a)(3)**

TO THE HONORABLE CHRISTOPHER D. JAIME, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, SUB-V TRUSTEE, DEBTOR'S CREDITORS AND PARTIES IN INTEREST, AND THEIR COUNSEL OF RECORD, IF ANY:

Pursuant to 11 U.S.C. § 362(d)(l), the CALIFORNIA INDEPENDENT PETROLEUM ASSOCIATION, the debtor and debtor in possession in the above-captioned case ("Debtor"), hereby moves this Court for relief from the automatic stay created by 11 U.S.C. § 362(a) to permit Debtor to file a notice of appeal and take other actions in furtherance of such appeal with respect the attorneys' fee judgment entered against Debtor in California state court (the "Attorneys' Fee Award") under California's Anti-SLAPP statute. Relief from stay is requested solely for this

4866-5500-0832.1

purpose and no other.

Debtor believes that the basis for awarding such an egregious amount is baseless and erroneous under applicable law, and thus seeks to appeal the amount of the Attorneys' Fee Award. Given that the Attorneys' Fee Award is the largest unsecured claim against Debtor, the outcome of the Appeal will have a significant impact on the expected recoveries of other unsecured creditors in this case.

As more fully set forth in the "*Memorandum of Points and Authorities in Support of Motion for (i) Relief from the Automatic Stay to File Appeal; and (ii) Waiver of the 14-Day Stay of FRBP 4001(a)(3)*" (the "P&A Memorandum") being filed concurrently herewith, Debtor believes that relief from the automatic stay is not necessary where, as here, the appeal that Debtor seeks to pursue is not part of an action brought against Debtor, but rather is a continuation of a proceeding brought by Debtor. See, e.g., Parker v. Bain, 68 F.3d 1131 (9th Cir. 1995). Here, the appeal of the Attorneys' Fee Award is a continuation of, and arises on account of, Debtor's cross-complaint (the "Cross-Complaint") filed against Creditors Youth for Environmental Justice, South Central Youth Leadership Coalition, Center for Biological Diversity and the City of Los Angeles (collectively, the "Cross-Defendants"). A more detailed procedural history of the Cross-Complaint and the related litigation among the Cross-Defendants entitled *Youth for Environmental Justice, South Central Youth Leadership Coalition, and Center for Biological Diversity v. City of Los Angeles, et al.*, Case No. BC 600378 (the "State Court Action"), in the Superior Court of the State of California, County of Los Angeles (the "State Court"), is set forth in the P&A Memorandum.

However, out of an abundance of caution, and in light of the lengthy and complex litigation proceedings in the State Court Action, to the extent that relief from stay is needed, this Motion seeks such relief on the grounds that "cause" exists to terminate the stay under 11 U.S.C. § 362(d). As discussed in greater detail in the P&A Memorandum, relief from stay to allow Debtor to appeal the Attorneys' Fee Award is warranted here because, among other reasons:

(i) Such appeal involves interpretation and application of the scope of the attorneys' fees that can be awarded to a prevailing party under the California Anti-SLAPP statute, and as such involves issues of state law.

(ii)     The complexity of the issues and progress of the State Court Action is beyond the trial court stage.

(iii)     Lifting the stay will advance judicial economy and the expeditious and economical resolution of the Attorneys' Fee Award.

(iv)     Debtor has an interest in determining the extent of the claim against the estate that would undoubtedly affect the feasibility and duration of the Debtor's plan of reorganization. Debtor is prepared to move forward and granting relief from stay will preserve the Debtor's right to do so.

(v)     Granting relief from the stay to file an appeal also will not prejudice the Cross-Defendants (who are well acquainted with the State Court Action) or other creditors. On the other hand, not granting such relief will severely prejudice Debtor, whose deadline to file an appeal is November 4, 2021. Failure to file an appeal by that deadline may result in Debtor being bound by the Attorneys' Fee Award, to the detriment of the estate and its other unsecured creditors.

For these reasons, and the additional arguments set forth in the P&A Memorandum, cause exists to grant the relief requested by this Motion.

Debtor further requests that the 14-day stay prescribed by Federal Rule of Bankruptcy Procedure 400l(a)(3) be waived.

In further support of this Motion, Debtor submits concurrently herewith the Declaration of Jeffrey Dintzer. The statutory predicates for the relief sought hereunder are 11 U.S.C. §§ 105 and 362(d)(l), the Federal Rule of Bankruptcy Procedure 4001, and Local Bankruptcy Rule 4001-1.

DATED: October 22, 2021          SKLAR KIRSH, LLP

By:     */s/ Ian S. Landsberg*
Ian S. Landsberg
Attorneys for Debtor California Independent Petroleum Association