1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

In re

CALIFORNIA INDEPENDENT
PETROLEUM ASSOCIATION,

        Debtor and Debtor-in-Possession

Case No. 21-23169-B11

**DCN  SK-15**

Chapter 11 -- Subchapter V

**Plan Confirmation Hearing:**
Date:    September 20, 2022
Time:    2:00 p.m.
Place:  32, Dept. B
        501 I Street, 6th Floor
        Sacramento, CA 95814
Judge:  Hon. Christopher Jaime

### ORDER CONFIRMING SECOND AMENDED
### PLAN OF REORGANIZATION (SUBCHAPTER V)

      The court has before it for confirmation a *Second Amended Plan of Reorganization (Subchapter V)* ("Second Amended Plan"). Docket No. 313.  The court has reviewed the Second Amended Plan and all related documents.  The court has also reviewed and takes judicial notice of the docket and the claims register. Fed. R. Evid. 201(c)(1).

      The *Order Setting Confirmation Hearing and Related Deadlines* filed on July 19, 2022 established August 26, 2022 as the bar date for filing objections to confirmation.  Docket No. 293. A review of the docket reflects that no party in interest filed a timely objection or otherwise opposed confirmation of the Second Amended Plan. Therefore, as explained below, the court will confirm the Second Amended Plan based on the written record.  The hearing on September 20, 2022 will be vacated.  Findings of fact and conclusions of law are set forth below.  See Fed. R. Civ. P. 52(a); Fed. R. Bankr. P. 7052, 9014(c).

Compliance With § 1128(a)

      Section 1128(a) states as follows: "After notice, the court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a); see also Fed. R. Bankr. P. 3020(b)(2) ("The court

4874-5845-8117.1

4895-3417-7327.1

1　shall rule on confirmation of the plan after notice and hearing as provided in Rule 2002.").

2　Confirmation of the Second Amended Plan on the written record is consistent with, and satisfies

3　the hearing requirement of, 11 U.S.C. § 1128(a).

4　　　　The Ninth Circuit has held that a bankruptcy court "must hold an evidentiary hearing in

5　ruling on confirmation," during which the proponent of the plan bears the burden of proving that

6　the plan complies with the provisions of the Bankruptcy Code.  Acequia, Inc. v. Clinton (In re

7　Acequia), 787 F.2d 1352, 1358 (9th Cir. 1986).  In discussing the hearing requirement, the Ninth

8　Circuit in Acequia also stated this "does not preclude the bankruptcy court from considering

9　evidence presented by the parties at prior evidentiary hearings." Id. at 1358-59.  The Ninth Circuit

10　went on to state that "[t]o require the bankruptcy court to ignore prior evidence would impose a

11　harsh and unnecessary administrative burden." Id. at 1359.

12　　　　Consistent with Acequia, the district court in In re Gulfstar Industries, Inc., 236 B.R. 75

13　(M.D. Fla. 1999), stated that "[d]uring this required evidentiary hearing, it is sufficient for the court

14　to decide compliance with 11 U.S.C. § 1129 based upon the Court file." Id. at 77; see also In re

15　Chandler Airpark Joint Venture, 163 B.R. 566, 569 (Bankr. D. Ariz. 1992) ("The proponent of the

16　reorganization plan presented no witnesses or evidence in support of confirmation other than the

17　written stipulation and the Court's file in this case.  Compliance with confirmation requirements

18　must be based solely on this limited record."); Collier on Bankruptcy, § 1128.03 at 1128-5 (16th

19　Ed. 2019) ("The evidence [of satisfaction of § 1129(a) requirements] may come, however, from the

20　court's file in the case, and the court need not take evidence during the [confirmation] hearing if

21　the evidence in the court's file from the case will support confirmation.").

22　　　　Again, citing Acequia, the court in Gulfstar explained:

23　　　　　　In the interests of judicial economy, this Court finds that it is not only
24　　　　　　permissible, but entirely appropriate for the Bankruptcy Court to review, if
　　　　　　necessary, a case's record when deciding if a proposed reorganization plan
25　　　　　　meets the requirements of 11 U.S.C.§ 1129.

26　　　　　　Pursuant to established law, the lower court was not under any obligation
27　　　　　　to take evidence during the Confirmation Hearing. Therefore, pursuant to
　　　　　　the de novo standard by which District Courts must review issues of law
28　　　　　　presented in bankruptcy appeals, this Court finds that it was appropriate for

1            Judge Baynes to confirm Appellee's proposed reorganization plan pursuant

2            to the record as it existed during the confirmation hearing.

3    Id. at 78.

4          Agreeing that a review of the written record to determine if a chapter 11 plan complies

5 with § 1129(a) satisfies the confirmation hearing requirement of § 1128(a), the district court in

6 Honh v. Gay, 2009 WL 886842 (D. Ariz. 2009), stated:

7            Requiring testimony at all Chapter 11 Reorganization Plan confirmation

8            hearings would unnecessarily waste judicial resources. In some cases,
testimony will provide unique insight that cannot be properly presented

9            through a document. In other cases, testimonial evidence will closely
replicate evidence already produced, or easily capable of production, in

10           document format and will add nothing to the proceedings except time and
expense. The bankruptcy court is in the best position to determine whether

11           testimonial evidence will enhance or detract from the proceedings.
Accordingly, absent an express mandate to the contrary from the Ninth

12           Circuit or another precedential source, the question of whether to allow

13           such testimony should be at the discretion of the bankruptcy court.

14    Id. at *4.

15          Finding no contrary authority from the Supreme Court or the Ninth Circuit, and consistent

16 with Acequia and decisions applying it, the court concludes that in the absence of objections to

17 confirmation, when the record is fully developed, and when testimony will add nothing to the

18 confirmation process the chapter 11 confirmation hearing required by § 1128(a) and Bankruptcy

19 Rule 3020(b) may be satisfied, and compliance with §1129(a) and the applicable subchapter v

20 provisions determined, based solely on a review of written evidence on the docket and in the court's

21 file. The court therefore proceeds to do so in this case with regard to the Second Amended Plan.

22 Jurisdiction

23          The court has jurisdiction pursuant to 11 U.S.C. § 1334(b). This is a core proceeding

24 under 28 U.S.C. § 157(b)(2)(A), (L), and (O). Venue is proper under 28 U.S.C. § 1409.

25 Confirmation Requirements Satisfied

26          Based on the absence of any objection to confirmation, the evidence presented, and the

27 entire record, the court determines that the requirements for confirmation of § 1129(a), other than

28

paragraph (15) of that section which is inapplicable pursuant to § 1181(a), and § 1191(a) are satisfied as follows:

A.    Section 1129(a).

1.    Section 1129(a)(1) is satisfied. This section incorporates §§ 1122 and 1123 which govern classification of claims and interests and contents of a chapter 11 plan. The Second Amended Plan satisfies each applicable provision as follows:

a)    In accordance with § 1122(a), Article IV places claims in Classes 1, 2 and 3 that are substantially similar to other claims in the same respective classes.

b)    In accordance with § 1123(a)(1), Article IV classifies claims that require classification.

c)    In accordance with § 1123(a)(2), Article IV specifies the Classes of claims which are not impaired under the Plan.

d)    In accordance with § 1123(a)(3), Article IV specifies treatment of each Class of claims that is impaired under the Plan.

e)    In accordance with §1123(a)(4), to the extent that each Class includes more than a single claim, the Second Amended Plan provides the same treatment for each claim of a particular Class unless the holder of such a claim has agreed to less favorable treatment or otherwise objects to confirmation.

f)    In accordance with § 1123(a)(5), Article V and Exhibit 2 to the Exhibits List (Docket No. 291) provide an adequate means for implementation.

g)    Section § 1123(a)(6) is inapplicable or, if applicable, is satisfied. The Ninth Circuit has stated "§ 1123(a)(6) only prohibits the issuance of new nonvoting securities." <u>Acequia</u>, 787 F.2d at 1361. There are no new non-voting equity securities issued under the Second Amended Plan.

h)    Section 1123(a)(7) is inapplicable. The Second Amended Plan does not provide for a change in corporate governance and therefore neither contemplates nor provides for selection of any officer, director, trustee, or successor. Articles III.A.2, V.B and Exhibit 5 to the Exhibits List provide for retention of current ownership and management.

1           i)        Section § 1123(a)(8) is inapplicable.  See 11 U.S.C. § 1181(a).

2           j)        In accordance with § 1123(b)(1), Article IV impairs or leaves unimpaired

3 each Class of claims.

4           k)        In accordance with § 1123(b)(2), Article V.K.1 provides for the assumption

5 of Debtor's insurance policies and all other contracts identified in Exhibit 6 to the Exhibits List,

6 and Article V.K.2 provides for the rejection of any other executory contracts or unexpired leases

7 that are not being assumed per Article V.K.1 or that have not been previously assumed, assumed

8 and assigned, or rejected pursuant to 11 U.S.C. § 365 and court orders.

9           l)        In accordance with § 1123(b)(3), the Second Amended Plan provides for: (i)

10 the retention of all claims held by the Estate, except those expressly released by the Second

11 Amended Plan (see Article V.C); (ii) the allowance and disallowance of claims (see Article V.E);

12 and (iii) the compromise and settlement of claims asserted by the Judgment Creditors, as further

13 set forth in the Settlement Agreement (see Article III.C and Exhibit 3 to Exhibits List).

14           m)       Section 1123(b)(4) is inapplicable. The Second Amended Plan does not

15 provide for the sale of all or substantially all of the property of the estate, and the distribution of

16 the proceeds of such sale among holders of claims or interests.

17           n)        In accordance with § 1123(b)(5), as set forth in Article V and Exhibit 2 to

18 the Exhibits List, the Second Amended Plan provides adequate means of implementation, including

19 without limitation: (i) having sufficient funds available from cash on hand as of the Effective Date

20 from business operations and cash equal to the equity value from the refinance of Debtor's real

21 property to satisfy all payments contemplated by the Second Amended Plan; (ii) providing for

22 mechanisms to resolve disputed claims and handle distributions to creditors; and (iii) revesting all

23 remaining property of Debtor on the Effective Date in the Reorganized Debtor.

24           o)        In accordance with § 1123(b)(6), the Second Amended Plan includes

25 additional appropriate provisions not inconsistent with applicable provisions of Title 11, including,

26 without limitation, court approval of the terms and conditions of both the settlement agreement and

27 refinance transaction contemplated in the Second Amended Plan.

28           p)        Section 1123(c) is inapplicable. See 11 U.S.C. § 1181(a).

4874-5845-8117.1

4895-3417-7327.1

q)      In accordance with § 1123(d), Article 2 provides appropriate provisions for the cure of defaults in accordance with underlying agreement(s), if any, and applicable nonbankruptcy law unless otherwise agreed to by the entity whose obligation is being assumed or cured.

2.      Section 1129(a)(2) is satisfied. The principal purpose of this section is to ensure compliance with § 1125 regarding the disclosure statement and solicitation after approval of the disclosure statement under § 1125.  However, § 1125 is inapplicable in a subchapter v chapter 11 case unless otherwise made applicable by court order for cause.  <u>See</u> 11 U.S.C. § 1181(b).  The court did not order § 1125 applicable for cause.  Nevertheless, the court finds as follows:

a)      The Debtor caused copies of the following materials to be transmitted to all holders of claims:

i.      the Amended Plan;

ii.      an appropriate ballot; and

iii.      the order setting confirmation hearing.

b)      Creditors and other parties in interest have been provided due and proper notice of the confirmation hearing and all relevant dates, deadlines, procedures and other information and/or the solicitation of votes, including, without limitation, the voting deadline, the objection deadline, the time, date and place of the confirmation hearing.

c)      All persons entitled to receive notice of the Second Amended Plan and all related hearings have received proper, timely, and adequate notice in accordance with the Bankruptcy Code and Rules and have had an opportunity to appear and be heard.

d)      Votes were solicited in good faith and in a manner consistent with the Bankruptcy Code and Bankruptcy Rules.

3.      Section 1129(a)(3) is satisfied. No party in interest filed an objection to confirmation which means the Debtor is entitled to the good faith presumption of Fed. R. Bankr. P. 3020(b)(2).

4.      Section 1129(a)(4) is satisfied. According to Article III.B, no payment for services or expenses in or in connection with the chapter 11 case, or in connection with the Second Amended Plan and incidental to the chapter 11 case, have been or will be made by the Debtor other than

payments approved and authorized by order of the court. **To be clear, no professional fees and expenses are approved or allowed unless they are expressly approved and allowed by separate order following a hearing on a noticed motion set under Local Bankr. R. 9014-1(f)(1).**

5.      Section 1129(a)(5) is satisfied.   Post- confirmation corporate governance is disclosed in Article V.B and Exhibit 6.

6.      Section 1129(a)(6) is inapplicable. The Second Amended Plan does not provide for a rate change that requires regulatory approval of a governmental agency, nor is the Debtor subject to any.

7.      Section 1129(a)(7) is satisfied. This is the best interest test. It applies to holders of claims in impaired classes. The only impaired Class under the Second Amended Plan is Class 3. Each holder of a claim in impaired Class 3 that voted, voted to accept the Second Amended Plan. See 11 U.S.C. § 1129(a)(7)(A)(i).  As to § 1129(a)(7)(B), no creditor made a § 1112(b)(2) election.

8.      Section 1129(a)(8) is satisfied because: (i) Classes 1 and 2 are unimpaired and are deemed to have accepted the Second Amended Plan (see 11 U.S.C. § 1126(f)); and (ii) Class 3 voted to accept the Second Amended Plan by the requisite number and percentage, i.e., 72.7% in number voting and 99.96% in dollar amount of the claims voting.   See 11 U.S.C. § 1126(c); In re Hart, 2018 WL 9988766 at *5 n.19 (Bankr. D. Nev. June 1, 2018) ("For an impaired class to accept a proposed Chapter 11 treatment, the plan must be accepted by a majority in number and two-thirds in dollar amount of the class members who actually vote.  11 U.S.C. § 1126(c).").

9.      Section 1129(a)(9) is satisfied. According to Article IV, all administrative claims will be paid on the effective date unless otherwise agreed to.

10.    Section 1129(a)(10) is satisfied, although it need not necessarily be satisfied. See 11 U.S.C. § 1191(b). Class 3 is a non-insider impaired Classes that voted to accept the Second Amended Plan.

11.    Section 1129(a)(11) is satisfied. The financial information provided in Articles III, IV, V and VII, together with Exhibits 1, 2, 4, 7, 8 and 9, demonstrate a positive trend towards reorganization without the need for liquidation or further financial reorganization.

12. Section 1129(a)(12) is satisfied. Articles II.A.1, IV and VIII.8 provides for the payment of all fees payable under 28 U.S.C. § 1930 on the effective date, if any, and that all fees due post-confirmation, if any, will be paid.

13. Section 1129(a)(13) is inapplicable or satisfied as no retirement benefits are due or owed.

14. Section 1129(a)(14) is inapplicable as the Debtor has no domestic support obligations.

15. Section 1129(a)(15) is inapplicable. See 11 U.S.C. § 1181(a). The court may also confirm the Second Amended Plan without the need to consider § 1129(a)(15). See 11 U.S.C. § 1191(a).

16. Section 1129(a)(16) is satisfied. The Second Amended Plan proposes no sales of property. The Second Amended Plan, including Exhibit 1 to Supplemental Exhibits List (Docket No. 309) providing for board resolutions approving the transaction, provides that Debtor's refinance of its real property will be made in accordance with applicable nonbankrupty law, thus satisfying the requirements of 11 U.S.C. § 1129(a)(16). See CA Corp Code § 5910 (2013) (providing that any mortgage for the purpose of securing payment of any obligation "may be approved by the board").

17. The refinance transaction is a sound exercise of Debtor's business judgment because it will enable Debtor to make the payments contemplated under the settlement agreement in furtherance of consummating a consensual plan and avoid the costs, delays and uncertainty of a contested plan confirmation process.

18. The terms and conditions of the settlement agreement are (i) in the best interest of Debtor, the Estate, and its creditors; and (ii) fair, equitable, and reasonable under the circumstances. The comprehensive compromise and settlement set forth in the settlement agreement is a critical component of the Second Amended Plan and is designed to provide a resolution that will enable Debtor to quickly move forward with consummation of the Plan, and to otherwise avoid a contested Plan confirmation process, and which would delay and undoubtedly reduce the distributions that ultimately would be available for all creditors.

<u>Conclusion</u>

The requirements of § 1129(a), as and to the extent applicable by § 1181(a), and § 1191(a) are satisfied. Good cause appearing:

IT IS ORDERED that the Second Amended Plan is CONFIRMED.

IT IS FURTHER ORDERED that within seven (7) days of the entry of this order the Debtor shall serve copies of this order and a clean version (of the redlined version) of the Second Amended Plan on all required parties in interest.

IT IS FURTHER ORDERED that the hearing on September 20, 2022, at 2:00 p.m. is **VACATED.**

IT IS FURTHER ORDERED that the settlement agreement described and incorporated into the Second Amended Plan is approved.

IT IS FURTHER ORDERED that the refinance transaction described and incorporated into the Second Amended Plan is approved, including the term loan documents substantially in the form Exhibit 1 to the Supplemental Exhibits List (Docket No. 309).

IT IS FURTHER ORDERED that Debtor is authorized to: (a) take any and all such actions as may be necessary or appropriate to implement, effectuate, and consummate the Second Amended Plan, the settlement agreement and the refinance transaction in accordance with their respective terms; and (b) execute any and all such documents and instruments as may be required to effectuate the Plan, including the term loan documents substantially in the form attached as Exhibit 1 to the Supplemental Exhibits List (Docket No. 309).

IT IS FURTHER ORDERED that, on the effective date, Debtor's insurance policies and all other contracts identified on Exhibit 6 shall be assumed by Reorganized Debtor pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code.

IT IS FURTHER ORDERED that pursuant to section 1192 of the Bankruptcy Code, except as otherwise provided in the Plan or in this Confirmation Order, the rights afforded and the payments and distributions to be made and the treatment under the Second Amended Plan shall be in complete exchange for, and in full and unconditional settlement, satisfaction, discharge, and release of any and all existing debts and claims and termination of all interests of any kind,

4874-5845-8117.1

4895-3417-7327.1

1  nature, or description whatsoever against or in Debtor, the Reorganized Debtor, their property,

2  Debtors' assets, or their estates, and shall effect a full and complete release, discharge, and

3  termination of all liens, security interests, or other claims, interests, or encumbrances upon all of

4  Debtors' assets and property.

5         IT IS FURTHER ORDERED that the failure to reference any particular provision in the

6  Second Amended Plan, including any provisions in the settlement agreement or the term loan

7  documents filed in connection therewith, in this confirmation order shall have no effect on the

8  binding effect, enforceability or legality of such provision and such provision shall have the same

9  binding effect, enforceability or legality as every other provision of the Second Amended Plan.

10  Each term and provision of the Second Amended Plan, including the settlement agreement and

11  the term loan documents, as modified or interpreted by the Court, is valid and enforceable

12  pursuant to their terms.

13

14  **Dated:** September 15, 2022

15

16

17  Christopher D. Jaime, Judge
   United States Bankruptcy Court

18

19

20

21

22

23

24

25

26

27

28